```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____

CYNTHIA CICERO, on behalf of
herself and similarly situated         Civil No. 16-5806 (NLH/KMW)
employees,

          Plaintiff,                               OPINION
     v.

QUALITY DINING, INC., et al.,

          Defendants.
_____
```

**APPEARANCES:**

WINEBRAKE & SANTILLO, LLC
By: Peter Winebrake, Esq.
    R. Andrew Santillo, Esq.
    Mark J. Gottesfeld, Esq.
715 Twining Road, Suite 211
Dresher, Pennsylvania 19025

    and

BARRETT JOHNSTON MARTIN & GARRISON LLC
By: Jerry Martin, Esq.
    Seth Hyatt, Esq.
414 Union Street, Suite 900
Nashville, Tennessee 37219
        Counsel for Plaintiff

LITTLER MENDELSON, P.C.
By: Rachel Fendell Satinsky, Esq.
    Holly Elizabeth Rich, Esq.
1601 Cherry Street, Suite 1400
Philadelphia, Pennsylvania 19102
        Counsel for Defendants

**HILLMAN, District Judge**

Plaintiff Cynthia Cicero brings this Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (FLSA), and New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a, et seq., suit challenging her former employer's tip pooling and tip credit policies. Defendants move to dismiss the suit, seeking to enforce the mandatory arbitration agreement and class action waiver Cicero signed.

For the reasons stated herein, the Motion to Dismiss will be granted, and Plaintiff's later-filed Motion for Conditional Class Certification will be dismissed as moot.

**I.**

Cicero allegedly worked at one of Defendants' Chili's Restaurants in New Jersey until February, 2016. (Amend. Compl. ¶ 10) On May 8, 2013, while employed by Defendants, Cicero undisputedly (at least for purposes of this motion) signed an "Arbitration Agreement", which states in relevant part,

> 1. Employee and the Company mutually agree that any and all claims or disputes described in paragraph 2 that Employee may have now or in the future with or against the Company . . . shall be heard and decided by a neutral arbitrator . . . .
>
> 2. The disputes and claims covered by this Agreement include all claims or controversies, whether or not arising out of employment or termination of employment, that would constitute a cause of action in court, including but not limited to claims for wages or other compensation due . . . and claims for violation of any federal, state, local or other governmental law, statute, regulation or ordinance (including but not limited to claims, if any, based on . . . the Fair Labor Standards Act . . . and any other federal, state, or local statute, regulation, ordinance, or common law,

2

>     including without limitation any law related to . . .
>     terms and conditions of employment . . . .
>
>     3.  The arbitrator's decision shall be final and binding
>     on Employee and the Company.  Employee and the Company
>     acknowledge that arbitration is a substitute for
>     traditional litigation and hereby waive their respective
>     rights to file a private lawsuit and have that suit heard
>     in a court by a judge or a jury.
>
>     4.  . . . Only one Employee may be party to any particular
>     arbitration unless otherwise agreed by the parties.
>     Each arbitration is limited to the claims of the Employee
>     who is a party to that arbitration and shall not include
>     claims pertaining to any other Employee unless otherwise
>     agreed by the parties.

(Firth Decl. ¶ 5 and Ex. A)

## II.

Defendants do not identify the authority pursuant to which they move for dismissal.  The Court construes the application as a Fed. R. Civ. P. 12(b)(6) motion because Cicero does not dispute that she agreed to arbitrate the claims she asserts in this suit. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013).  The instant motion raises a question of law for which no discovery is needed. *See id.*

## III.

The issue is whether the Arbitration Agreement that Cicero signed violates the National Labor Relations Act, and is therefore unenforceable.  This issue is presently before both the Third Circuit and the Supreme Court, and the Courts of Appeal that have ruled on the issue are split. *See Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *cert. granted,* 137 S.Ct. 809 (2017); *Lewis*

3

*v. Epic Sys. Corp.*, 823 F.3d 1147 (7th Cir. 2016), *cert. granted*, 137 S.Ct. 809 (2017); *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344 (5th Cir. 2013); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050 (8th Cir. 2013).

In a related action brought by former employees of Defendants' restaurants in Pennsylvania, Judge Schmell of the Eastern District of Pennsylvania recently considered the identical Arbitration Agreement and held that it did not violate the NLRA. *Joseph v. Quality Dining, Inc.*, 2017 U.S. Dist. LEXIS 40604 (E.D. Pa. March 21, 2017)("The Court declines to follow recent out-of-Circuit decisions holding such a waiver void under the NLRA and instead considers more persuasive the holdings of the Fifth Circuit and other courts that enforce class arbitration waivers under the FAA.").

Similarly, the only other District Court within this Circuit to consider the issue has held the same. *See Kobren v. A-1 Limousine Inc.*, 2016 U.S. Dist. LEXIS 154012 at *12 (D.N.J. Nov. 7, 2016)("absent binding authority to the contrary, this Court agrees with the reasoning of the Second, Fifth, and Eight Circuits that there is no 'inherent conflict' between the FAA and NLRA, particularly in light of the strong public policy considerations underlying the FAA and the general understanding that the NLRA permits and requires arbitration in labor disputes.").

The undersigned agrees with the reasoning of *Joseph* and *Kobren* and adopts it.

Accordingly, Defendants' Motion to Dismiss will be granted, and Plaintiff's later-filed Motion for Conditional Collective Action Certification will be dismissed as moot.

**IV.**

For the reasons stated above, Defendants' Motion to Dismiss will be granted, and the Motion for Conditional Collective Action Certification will be dismissed without prejudice.  An appropriate order accompanies this opinion.

```
Dated: April 3, 2017                    __s/ Noel L. Hillman___
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.
```